VÍCTOR TORRES, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; SAN JUAN FINANCE COMPANY, Intervener.

No. C-66-8.    Decided May 5, 1967.

*A. De Jesús Matos* and *R. De Jesús Cintrón* for petitioner. *Benicio Sánchez Castaño, Benicio Sánchez Rivera, Carlos Roberto Vélez,* and *Ana R. Rodríguez Olazagasti* for intervener.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The San Juan Finance Company, as assignee of a conditional sales contract, by virtue of which the Hull Dobbs Co. of Puerto Rico, Inc., sold to Juan Toledo Alicea a 1964 model Ford, Custom 500 Fordor, motor number 4E52V-197129, filed a judicial action for the purpose of procuring the restitution of said vehicle, alleging the noncompliance of the terms of the contract. After furnishing bond it obtained a warrant to attach the aforedescribed automobile. The attachment could not be executed because the automobile could not be found. Subsequently plaintiff obtained an order of restitution which for the same reasons was returned unserved.

Plaintiff then filed a motion requesting that Juan Toledo Alicea and Víctor Torres be summoned to appear in court to show cause why they should not be held for contempt, since by their conduct they were preventing the execution of

the warrants of attachment and restitution entered by the court.

A hearing was held in which the parties appeared represented by counsel and offered documentary and oral evidence. As a result of said evidence the court made the following findings of fact:

"1.—Juan Toledo was the owner of a 1961 model Ford. Said automobile could be used for the public transportation of passengers by the corresponding permit of the Public Service Commission of Puerto Rico. He traded his automobile to Víctor Torres for another 1963 model Ford, but with private license. The parties agreed that the license of the public-service car was not included in the transaction, Víctor Torres binding himself to take the necessary steps in order that the Public Service Commission make the corresponding transfer of the license in favor of the 1963 Ford.

"2.—After being in possession of the 1961 model Ford, Víctor Torres appeared on the premises of the Hull Dobbs Co. of Puerto Rico, Inc., accompanied by an unknown person, who passed himself by the name of Juan Toledo, and there he obtained the 1964 model Ford, which is the object of this litigation, offering as advance payment the 1961 model Ford.

"3.—Víctor Torres took possession of the new automobile retaining its possession for some time.

"4.—When a representative of plaintiff company approached Víctor Torres for collection purposes, since not even the first installment of the debt had been paid, Torres accepted being in the possession of the automobile, but when he was visited for the second time he alleged having sold it and not knowing who was the person who had it nor the place where the automobile could be found.

"5.—We conclude, as a matter of fact, that Víctor Torres, knowing that he was not complying with the conditional sales contract and foreseeing an action for repossession, has concealed or disposed of the automobile with the deliberate intent of preventing the execution of the warrants of attachment and/or restitution entered by the court."

Relying on these findings of fact and other conclusions of law, the court rendered the following:

"JUDGMENT

"On the basis of the findings of fact and conclusions of law made today and which form a part of this judgment, it is declared that Víctor Torres is guilty of contempt in having maliciously concealed the 1964 model Ford, Custom 500 Fordor, motor No. 4E52V-197129, to prevent its attachment pursuant to the order issued by the court, and, consequently, the marshal is hereby ordered to arrest him and commit him to the District Jail until he delivers the aforedescribed automobile. As to Juan Toledo, he is relieved from all responsibility."

We issued a writ of certiorari to review said judgment and in the exercise of our jurisdiction we ordered that petitioner Víctor Torres be released in case he were imprisoned and until this appeal is decided.

█ The petitioner assigns the commission of four errors. In the first, he maintains that he was condemned of civil contempt "in the absence of evidence determining that he had the possession of the vehicle at the time the warrant of arrest was issued or that he had possessed it at any time before its issuance."

The error was not committed. The findings of fact made by the trial judge are amply supported by the evidence.

The major conflict in the evidence centered on who was the true purchaser of the 1964 Ford and the trial judge settled the conflict exercising his sound discretion, in deciding that it was petitioner Víctor Torres, who used a dummy to sign the conditional sales contract, the latter fraudulently passing himself by the name of Juan Toledo Alicea, in whose name the license of the 1961 vehicle, which was taken as trade in the sales transaction of the 1964 Ford, was issued. The evidence was also conflicting as to whether the agent of Hull Dobbs, who made the transaction, knew at the time the same was carried out that the alleged purchaser of the

1964 Ford was not Juan Toledo Alicea, but said conflict was also settled against petitioner. There is sufficient evidence in the record to sustain that petitioner took possession and had the possession of the 1964 Ford, the restitution of which was ordered by the court.

██ The second error assigns that the warrant of arrest is void because it does not contain the date and place of the commission of contempt.

The discussion of this error is not necessary. We should remember that by virtue of our order, in the exercise of our jurisdiction, we ordered that petitioner be released in case he were imprisoned and that by virtue thereof the warrant of commitment was set aside, and in case the judgment for contempt were affirmed a new warrant of commitment should be issued.

█ The third assignment of error lacks merit. The trial court acted with jurisdiction over petitioner. The restitution proceeding was filed against Juan Toledo Alicea who appeared in the contract as conditional purchaser. The fact that subsequently petitioner Víctor Torres was joined as codefendant and that he was not summoned, did not preclude the court from summoning him for contempt, if his conduct constituted a wilful disobedience of, or resistance offered to or exerted against any order issued by the court. *Dubón* v. *Casanova*, 65 P.R.R. 786 (1946).

█ The fourth and last error alleges that petitioner was not given an opportunity to present the evidence which codefendant Juan Toledo could have offered.[1] From the record of the case it appears that the trial judge gave the petitioner all the possible opportunities to present the vehicle object of the proceeding and to present any other evidence conducive to his exoneration of contempt.

---

[1] Defendant Juan Toledo did not offer to present any evidence whatsoever. Petitioner Torres was the one who presented a motion alleging that he had discovered new evidence.

The hearing of the motion for contempt was held on March 5, 1965, after it had been suspended on two occasions, one of them because defendants appeared without attorney. Upon termination of the presentation of the evidence by both parties the court granted petitioner Torres until the following April 2 to procure the whereabouts of the vehicle. On petition of Torres' attorney the hearing was continued from April 2 to April 19. On said date Torres evidently did not find or deliver the automobile, for which reason the court proceeded to resolve the motion for contempt rendering the judgment copied at the outset of this opinion. Said judgment was notified to Torres on April 21, 1965.

On June 10 of the same year Torres filed a motion for nullity of the judgment. In essence it attacked the jurisdiction of the court to render judgment on the ground that petitioner was not joined in the original action for repossession. As alternative remedy he requested in said motion to set aside the judgment for contempt because he had discovered new evidence consisting in that another person acquired a license of public-service vehicle for the 1964 Ford at the Public Service Commission; that the vehicle traveled as a taxi on the highways of Puerto Rico, a certain Rafael Navarro being its owner, who dismantled it or ordered it to be dismantled; that Navarro threatened to kill him with a revolver because petitioner was going to reveal that a guest of Navarro, Jesús Risco by name, and who was a fugitive from justice, was the person who bought the vehicle; that Navarro gave him an employee to make the search of the chassis of the vehicle in the place where it had been dismantled and that he had notified such facts to the police.

In consideration of the allegations set forth in said motion for the nullity of judgment, the court ordered, on June 10, 1965, the suspension of the execution of the warrant of arrest for contempt, pending hearing the parties on the merits of the motion, and set the hearing for the 17th of

the same month. This hearing was continued for the following July 7 and later for the 28th of the same month. Neither petitioner Torres nor his attorney appeared at this hearing, and the court proceeded to dismiss the motion for nullity of judgment and ordered the execution of the warrant of commitment.

In August 1965 petitioner filed a motion requesting the setting aside of the order of July 28, alleging that said day his attorney was confined in the Auxilio Mutuo suffering from poisoning. The same day, August 6, the court set aside the aforementioned order of June 28 and set August 13 for the hearing of the motion for nullity of judgment. On said date the parties appeared and argued the motion. The court granted petitioner Torres until August 20 to add the new evidence which he alleged having discovered. The only evidence added to the record by petitioner was his own sworn statement where he stated the same facts alleged in the motion for nullity of judgment.

In view thereof the court entered an order finally dismissing the aforementioned motion and ordered the execution of the warrant of commitment.

We have narrated all the preceding incidents to show how unjustified is the charge made to the trial judge of having failed to give petitioner the opportunity to present the new evidence discovered by him.

The error was not committed.

For the reasons stated the writ of certiorari issued will be quashed and the case will be remanded for further proceedings.